UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRIGITTE B. HOLTHAUSEN, ET                    CIVIL ACTION
AL

VERSUS                                        NO: 09-3121

DMARTINO, LLC, ET AL                          SECTION: "J" (2)

**ORDER AND REASONS**

Before the Court is the plaintiffs' **Motion to Remand (Rec. Doc. 6)** and the defendants' **Motion to Dismiss or, in the alternative, Motion to Transfer Venue (Rec. Doc. 5)**.  This motion, which is opposed, was set for hearing on April 29, 2009 on the briefs.  Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that the plaintiffs' motion should be granted and the defendants' motion denied as moot.

**<u>Background Facts</u>**

This case stems from a contractual dispute between the parties.  The plaintiffs, Brigette B. Holthausen, Luciano Holthausen, and Holthausen, Inc. (collectively "Holthausen") operate an upscale women's clothing and accessories retail

business.  The individual plaintiffs are the principal
shareholders and officers of the plaintiff corporation.  As a
part of this business the plaintiffs enter into leasing
agreements with other parties that essentially act as franchising
agreements.  Through these agreements the plaintiffs will lease
their intellectual property, in the form of the use of trade
names and logos for "Hemline", "Hemline Etc.", and "Hemline
Boutique", provide a merchandise supply, and provide oversight
and marketing assistance.  The defendants, Muriel Martins, Lynell
Decker, and DMartins, LLC (collectively "DMartins"), have entered
into several of these types of leasing agreements with the
plaintiffs.  The business relationship between the parties began
in 2004 when the parties signed a leasing agreement allowing the
defendants to establish a Hemline store in the Houston, Texas
area.  After successfully working together for four years, the
parties entered into three new leases in 2008, which supercede
the 2004 lease.  These new leases allowed the defendants to
operate three stores in the Houston, Texas area, one store for
each lease agreement.  The three leases contain identical terms.
All of the plaintiffs are residents of Louisiana and all of the
defendants are residents of Texas.

Recently, the plaintiffs discovered what they believe to be
violations of each of the lease agreements.  After confronting
the defendants about the alleged violations, which the defendants

2

denied, the plaintiffs filed this suit in the 24th Judicial

District Court for the Parish of Jefferson on February 18, 2009.

At that time the plaintiffs instructed the state court clerk to

withhold long arm service of the defendants.  The plaintiffs

claim that this was done because the parties were attempting to

resolve their dispute without judicial intervention.

Subsequently, on March 12, 2009 the defendants named in this suit

filed their own suit in the federal district court for the

Southern District of Texas.  In that suit the DMartins defendants

allege that the Holthausen plaintiffs materially misrepresented

critical elements of the lease agreements in violation of Texas

and federal laws.  Then, on March 23, 2009 the plaintiffs in this

case forwarded to the defendants a copy of a proposed First

Amending and Supplemental Petition that the plaintiffs intended

to file in the Jefferson Parish case, which alleged additional

facts and sought temporary and permanent injunctive relief.

Before the plaintiffs could file their amending and supplemental

petition, the defendants filed a notice of removal in this Court

at 8:10 a.m. on March 24, 2009.  See Rec. D. 1.  The notice of

removal asserts that this Court has subject matter jurisdiction

over this case pursuant to 28 U.S.C. § 1332.  The plaintiffs are

all from Louisiana, the defendants are all from Texas, and the

amount in controversy exceeds $75,000.  There has been no

challenge to the diversity of the parties or the amount in

controversy.  Instead, the plaintiffs have filed a Motion to Remand based on a provision in the lease agreements that they argue constitutes a waiver of the defendants' right to remove this case to federal court.  The defendants have filed their own motion to dismiss this case asserting the Court lacks personal jurisdiction over the defendants, or alternatively to transfer this case to the Southern District of Texas where the action the defendants filed is currently pending.

## The Parties' Arguments

Motion to Remand

The plaintiffs have brought this motion to remand to state court arguing that through the subject lease agreements the defendants waived their right to remove this case.  The plaintiffs contend that Section 19.3 of the lease agreements identifies the 24th Judicial District Court for the Parish of Jefferson as the court having exclusive jurisdiction and venue to hear claims based on the lease agreements.  The plaintiffs further assert that Section 19.3 is a reasonable forum selection clause and that it constitutes a clear and unequivocal waiver of the right to remove.  As a result, the plaintiffs argue that this case was improperly removed and should be remanded because this Court lacks jurisdiction.  Additionally, the plaintiffs seek attorney's fees and costs associated with the removal of this

case because considering Section 19.3, the defendants had no legitimate reason to remove the case, and the defendants only removed the case to prevent the plaintiffs from filing their amended petition seeking injunctive relief in state court.

The defendants oppose the motion to remand and argue that Section 19.3 does not constitute a waiver of their right to remove this case. The defendants assert that if there is no waiver, this Court has proper subject matter jurisdiction based on the diversity of the parties, and the plaintiffs have not argued otherwise. In regards to the alleged waiver, the defendants make several arguments. First, they contend that Section 19.3 is vague and ambiguous, leaving it susceptible to more than one interpretation. Section 19.3 does not establish the 24th Judicial District Court for the Parish of Jefferson as the exclusive venue for this case and does not explicitly prohibit removal. The defendants argue that the term "adjudicated" in Section 19.3 renders the clause ambiguous because it does not specify to what extent a claim must be adjudicated in the state court. For example, the language of the lease does not require a final adjudication in the state court. Additionally, the defendants argue that Section 19.3 does not provide an exclusive venue because Section 16 of the same lease agreements conflicts with Section 19.3. Section 16 of the agreements allows the plaintiffs to take over the store leases

for each of the defendants' stores if the lease agreement between
the parties that pertains to that particular store is terminated
or the defendants are found in default of the agreement pursuant
to Section 16.  The defendants argue the assumption of a store
lease pursuant to Section 16 involves a suit regarding an
interest in real property.  The leased stores are located in
Texas and under Texas law a leasehold estate is an interest in
real property and an adjudication of an interest in real property
must take place in a Texas court for the county in which the
property is located.  Therefore, the defendants argue that
Section 19.3 cannot provide an exclusive venue in the 24th
Judicial District Court for the Parish of Jefferson because
Section 16 of the agreement requires litigation in Texas.  The
defendants argue that the plaintiffs have indicated through their
pleadings in this case that they intend to take over the
defendants' store leases.  Furthermore, the defendants assert
that since the plaintiffs drafted the agreements containing
Sections 16 and 19.3 any ambiguity or conflicts within the
agreements must be construed against the plaintiffs.

The plaintiffs filed a reply memorandum to argue that
contrary to the representations of the defendants there is no
presumption against the waiver of a right to remove, a knowing
and voluntary waiver is not required, and that the burden is on
the party seeking to invalidate a clause in the agreement to

prove that the clause does not apply. The plaintiffs also take issue with the defendants analysis of the term "adjudicated" in Section 19.3 and argue that the only possible construction of that term within this clause requires a finding that there was a waiver of the right to remove. Lastly, the plaintiffs assert that the defendants' argument regarding a conflict between Sections 16 and 19.3 misreads the agreements. Section 16 does permit the plaintiffs to take over store leases if the defendants default on an agreement. However, Section 3.2 of the agreements requires the defendants to include language in their store leases that permits the plaintiffs to take over the leases in the event of a default on the lease agreements. As a result, there is no need to adjudicate any rights to real property. Instead, the plaintiffs' rights to take over the store leases operate as a matter of contract. Additionally, the plaintiffs argue that in determining whether a matter is a "local action" that would require adjudication in a particular court, the law of the forum must be applied. The forum law in this case is the law of Louisiana, and in Louisiana courts make determinations regarding parties' rights to property by binding the parties through personal actions. Also, under Louisiana law leases are considered personal rights.

<u>Motion to Dismiss or, in the alternative, Motion to Transfer</u>

The defendants have filed a motion to dismiss this case for lack of personal jurisdiction or, alternatively, to transfer this case to the Southern District of Texas. In support of the motion to dismiss the defendants argue that this Court lacks personal jurisdiction over the defendants. The plaintiffs have not satisfied their burden to present prima facie evidence of personal jurisdiction. The defendants all reside in Texas and do not travel to Louisiana for business or pleasure. The defendants' business is located in Texas and serves Texas customers. All negotiations and interactions between the parties in this case have taken place in Texas. As a result of the lack of any minimum contacts the defendants argue that there is neither general or specific personal jurisdiction that allows them to be haled into court in the Eastern District of Louisiana. Furthermore, the defendants argue that they did not consent to personal jurisdiction in Louisiana by virtue of Section 19.3 of the lease agreements. Although the defendants did agree in Section 19.3 to the application of Louisiana law, they did not agree to personal jurisdiction in Louisiana. In support of this position the defendants assert that the entire lease agreement, including Section 19.3 is void and unenforceable because the defendants were induced to enter into the agreement by fraud. This contention is the subject of the defendants' claims in the

pending litigation in the Southern District of Texas.
Additionally, the defendants argue that this case should be
dismissed or transferred for lack of proper venue.  The
defendants assert that none of the requirements of 28 U.S.C. §
1391(a) are present in this case such that venue is proper in
this court.  In this context, the defendants again argue that
Section 19.3 of the agreements is unenforceable because the
contract was induced by fraud.  They also argue that Texas has a
strong interest in this matter and that enforcing Section 19.3
would contravene Texas's public policy.  If necessary, the
defendants request that limited discovery be allowed so that they
may gather evidence to support their argument that Section 19.3
is unenforceable.  In the alternative, the defendants argue that
this Court should transfer this matter to the Southern District
of Texas for the convenience of the parties and witnesses.

The plaintiff opposes this motion and argues that there is a
prima facie case of minimal contacts between the defendants and
the forum such that this Court has personal jurisdiction over the
defendants.  The plaintiffs contend that the defendants'
interactions with the plaintiffs in regards to the subject
business have created minimum contacts that support specific
personal jurisdiction and that the defendants' breaches of the
agreements were directed at the plaintiffs in Louisiana.
Furthermore, the plaintiffs argue that Section 19.3 is

enforceable and plainly exhibits the defendants agreement to be
governed by Louisiana law and to submit to the jurisdiction of
Louisiana courts.  The plaintiffs further contend that venue is
proper in this Court because the parties contractually agreed to
a Louisiana forum and because Texas does not have a greater
interest in this litigation than Louisiana.  The defendants do
not allege that they were fraudulently induced to agree to
Section 19.3 of the agreements and since the plaintiffs are in
Louisiana and run their business from Louisiana, Louisiana has a
substantial interest in this litigation.  Finally, the plaintiffs
argue that this case should not be transferred.  Section 19.3 of
the agreements is enforceable and provides for venue in
Louisiana.  A party who agrees to a forum selection clause cannot
later claim that venue is improper in the court that was
contractually selected.  Additionally, the defendants cannot show
that there is any inconvenience to defending this suit in
Louisiana instead of in Texas.

The defendants have submitted a reply memorandum in support
of their motion which reiterates arguments made in their
memorandum in support and in regards to the motion to remand.
The defendants raise the argument, made in regards to the motion
to remand, that because the plaintiffs seek to take over the
store leases, which constitute real property under Texas law,
this case can only be heard in a Texas court.

## Discussion

The Court will first address the first-filed Motion to Remand. The plaintiffs have brought this motion to remand arguing that the defendants waived their right to remove this case based on the language of the lease agreements that they entered into with the plaintiffs. Specifically, the plaintiffs contend that Section 19.3 of the lease agreements constitutes a waiver of the right of removal and selects the 24th Judicial District Court for the Parish of Jefferson as the exclusive court to hear claims regarding these lease agreements.

Section 19.3 of each of the lease agreements at issue provides:

> <u>Controlling Law</u>: Parties agree that this Lease shall be enforced, interpreted and construed in accordance with the laws of Louisiana with full waiver of any Conflict of Law claim. If any claim or complaint is made by any party to enforce the rights, obligations and terms and conditions of this Lease, the parties agree that such claim or complaint shall be filed and adjudicated in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

Ex. 1, Rec. D. 6. The defendants maintain that they never agreed to waive their right of removal because Section 19.3 is vague and ambiguous, and because it conflicts with other terms of

the agreements which require suit be filed in Texas.  As a result, the defendants argue that Section 19.3 did not waive the right of removal and this case is properly before this Court.

A contractual provision may constitute a waiver of a party's right to remove a case to federal court.  The Fifth Circuit has established that in order for a contractual clause to prevent removal, "the clause must give a 'clear and unequivocal' waiver of that right."  City of New Orleans v. Mun. Admin. Servs., Inc., 376 F.3d 501, 504 (5th Cir. 2004)(quoting McDermott Int'l, Inc. v. Lloyds Underwriters, 944 F.2d 1199 (5th Cir. 1991).  There are three ways in which a party may waive the right to remove.  The party can explicitly state that it is waiving the right, it can allow the other party the right to choose venue, or the right to remove may be waived by establishing an exclusive venue within the contract.  Id.  It is clear from the language of Section 19.3 that there is no explicit waiver of the removal right and that the defendants in this case did not yield to the plaintiffs to chose the venue.  Thus, if the plaintiffs' motion to remand is to be successful, the defendants must have waived the right to remove this case as a result of the agreements at issue identifying an exclusive venue.

Parties to a contract are permitted to select an exclusive venue.  Consenting to the jurisdiction of one forum does not necessarily mean that a party has waived its right to have the

case heard in a different forum.  _Id._  However, a clause may select an exclusive forum if it goes beyond establishing that a particular forum has jurisdiction and "clearly demonstrate[s] the parties' intent to make jurisdiction exclusive."  _Id._ (citing _Keaty v. Freeport Indonesia, Inc._, 503 F.2d 955 (5th Cir. 1974)). The Fifth Circuit has cautioned about the importance of distinguishing between jurisdiction and venue when interpreting clauses such as Section 19.3.  _Id._  "Although it is not necessary for such a clause to use the word 'venue' or 'forum,' it must do more than establish that one forum will have jurisdiction."  _Id._ For example, if a clause solely calls on the parties to submit to the jurisdiction of a particular court such a clause will not be interpreted to be a mandatory forum-selection clause that prevents removal.  _Id._ (discussing _Keaty_, 503 F.2d 955-56).   In the _City of New Orleans v. Municipal Administrative Services, Inc._, the Fifth Circuit followed similar reasoning to conclude that the clause in the subject contract stating that the defendant would "consent and yield to the jurisdiction of the State Civil Courts of the Parish of Orleans and does hereby formally waive any pleas of jurisdiction on account of the residence elsewhere" did not prevent the defendant from removing the case to federal court.  _Id._  Although one meaning of the clause could be that the defendants consented to the exclusive jurisdiction of the Orleans Parish state court, the clause was

susceptible to other plausible readings that permitted the defendant to bring its own suit under the contract in a different venue. Id. at 505. Because the clause was susceptible to more than one reasonable interpretation there was ambiguity as to its meaning, and "[t]he very presence of ambiguity indicates that the clause does not contain a 'clear and unambiguous' waiver of removal rights." Id. at 505-506. Conversely, where parties state in the contract that the venue for any action shall lie in a specific place, or that a certain court has exclusive jurisdiction, then the forum-selection clause has been held to bar removal. See Collin County v. Siemens Business Services, Inc., 250 Fed. Appx. 45, 50 (5th Cir. 2007); Argyll Equities LLC v. Paolino, 211 Fed. Appx. 317, 318 (5th Cir. 2006). This Court recently dismissed a case on a Rule 12(b)(3) motion as a result of a forum-selection clause. Top Branch Tree Serv. & Landscaping, Inc. v. Omni Pinnacle, LLC, No. 06-3723, 2007 WL 1234976, at *2-3 (E.D. La. Apr. 26, 2007). In Omni Pinnacle, the contract between St. Tammany Parish and Omni Pinnacle, LLC provided that "The 22nd Judicial District Court for the Parish of St. Tammany shall be the court of original jurisdiction of any litigation originated under this contract." Id. at *1. Although the clause did not use the words "exclusive" or "venue" the Court dissected the language to determine that the clause provided for exclusive jurisdiction in the 22nd Judicial District Court for

the Parish of St. Tammany.  Id. at *2-3.  The Court found that

the requirement of the clause that the particular court "shall be

the court of original jurisdiction" meant that no other court

could hold original jurisdiction over the case, and thus the

parties had contracted for the 22nd Judicial District Court for

the Parish of St. Tammany to be the exclusive forum for their

dispute.  Id.

Although Section 19.3, the clause at issue in this motion,

does not explicitly state that there will be exclusive venue in

the 24th Judicial District Court for the Parish of Jefferson, the

language that is used necessitates an interpretation of the

clause such that it provides for disputes arising from the lease

agreements to be heard exclusively in the Jefferson Parish

courts.  Importantly, Section 19.3 states "the parties agree that

such claim or complaint shall be filed and adjudicated in the

24th Judicial District Court for the Parish of Jefferson."

(emphasis added).  The key word to the exclusivity of this clause

is "adjudicated."  The defendants argue that the inclusion of

this word shows that the clause is vague and ambiguous because it

is not clear to what extent the case is to be adjudicated in

state court, whether it is to be adjudicated to final judgment or

simply until the state court has made a ruling on some issues.

However, the defendants' own analysis identifies why the

inclusion of "adjudicated" renders this clause a waiver of the

15

right to remove.  Black's Law Dictionary defines the term "adjudicate" as "to rule upon judicially."  Black's Law Dictionary (8th ed. 2004).  Merriam-Webster's Collegiate Dictionary defines "adjudicate" as "to settle judicially." Merriam-Webster's Collegiate Dictionary (10th ed. 1999).  Based on these definitions the natural reading of Section 19.3 indicates that the inclusion of the word "adjudicated" in the clause demonstrates the parties' intent for claims related to the lease agreements to not only be filed in the Jefferson Parish court but also to be decided by that court, or, in other words, the parties intended for the Jefferson Parish court to "rule upon" or "settle" their disputes.  The plain and natural reading of Section 19.3 shows that it is a clear and unambiguous waiver of the right to remove because the parties agreed to adjudicate any disputes in the 24th Judicial District Court for the Parish of Jefferson.

This construction is further reinforced by the operation of the removal statute.  28 U.S.C. § 1446 sets forth the procedures for removing a case to federal court.  The removal statute requires that a notice of removal be filed within thirty days of the date that the defendant is served with the initial pleading in the case or within thirty days of receipt by the defendant of a paper which for the first time indicates that the case may be removed.  28 U.S.C. § 1446(b).  The removal statute requires that

a defendant seek removal as soon as it is known that a case might be removed. This temporal aspect of the removal procedure negates the defendants' argument that the term "adjudicated" is too vague because it does not necessarily mean that the case has to be finally resolved in state court. In addition to the fact that a natural reading of the inclusion of "adjudicated" shows an intent to have the state court decide the case, the requirements for removal under 28 U.S.C. § 1446(b) would prevent a case from both being "adjudicated" in any real sense and yet still be in a posture that permitted removal.

In an attempt to defeat the plain language of Section 19.3 the defendants also argue that the clause cannot provide for exclusive jurisdiction in the 24th Judicial District Court for the Parish of Jefferson because other clauses of the agreements contradict this exclusivity. Specifically, the defendants argue that Section 16 of each agreement allows the plaintiffs to sue the defendants to take control of their store leases in Texas. Texas regards such cases as suits involving real property requiring that the case be filed in Texas. As a result the defendants contend that Section 19.3 cannot provide an exclusive venue for the adjudication of claims related to the lease agreements.

Section 16 of the lease agreements provides:[1]

Defaults and Terminations. In the event: (i) the Lessee defaults in the payment of Licensing fee or any Royalty owed for a period of ten (10) days or (ii) the HEMLINE store is vacated for more than three (3) business days for any reason other than an act of god, or (iii) the Lessee fails to comply with any provision or covenant of this Lease (other than payment of Licensing fee or Royalty); or (iv) any proceeding, whether voluntary or involuntary, is instituted by or against the Lessee because of its insolvency; the Lessee becomes insolvent or makes a transfer in fraud of creditors or fails to pay employees their just wages; or (v) the Lessee makes an assignment for the benefit of creditors; then, in such event, the Lessor may at its sole option: (a) terminate this Lease by giving written notice to Lessee, and declare the entire amount of Licensing fees and other payments which would be paid through the end of the Lease Term would now be due and payable immediately; and/or (b) take possession of all HEMLINE merchandise and supplies, and enter the HEMLINE store of the Lessee and make reasonable effort to collect the deficiency from the

---

[1]The quoted lease agreement pertains to the Rice Village store. Each of the lease agreements contains identical language with the exception of the store name.

18

Lessee plus collect all costs of the default, including
lease commissions, attorney's fees and up fitting costs
which Lessor deems necessary.  In addition to the above,
Lessor shall have the right to pursue any other remedies
which may be provided by law including but not limited to
contracting with a new Lessee to take over the Rice
Village, Houston, Texas HEMLINE store or occupying the
demised premise in accordance with Section 3.3 of this
agreement.[2]

Ex. 1, Rec. D. 6.

Section 3.2, which is improperly referenced by Section 16 as
Section 3.3, provides:

<u>Contingent assignment of lease</u>: Any demised premise lease
entered into by Lessee for the performance of its
obligations under this agreement shall contain a
provision granting Lessor herein the exclusive first
right, but not the obligation, to assume the obligations
of the Lessee which are contained in the demised premise
lease.  This provision [in] the demise premise lease
shall allow the Lessor herein to assume the obligations
of the demise premise lease and continue operation of the
"HEMLINE" store and protect the "HEMLINE" name.  The

---

[2]Although the lease agreements reference Section 3.3, the
correct reference should be to Section 3.2, as acknowledged by
the defendants.  See Mem. in Opp., Rec. D. 8.

right granted Lessor shall be considered a suspensive condition and only become effective upon termination of this agreement or upon the default or an anticipatory default of this agreement by Lessee as defined by Section 16 herein. Any assumption by Lessor of Lessee's demise premise lease prior to the arrival of the end of the agreed term stated herein, or any extension of the original lease term, shall not in any way absolve the Lessee of its obligations and duties that are contained within this agreement.

Ex. 1, Rec. D. 6.

Section 16 of the lease agreement allows the plaintiffs to enter the defendants' store and take over their lease if there is a default or termination of the lease agreement. However, contrary to the defendants' argument in this motion, the plaintiffs' action of taking over a store does not require a law suit. Instead, the plaintiffs' have that right by operation of contract. Section 3.2 of the lease agreements requires that the defendants insert a clause into their store leases that only becomes active if there is a termination of the lease agreement with the plaintiffs or if there is a default as defined by Section 16. When such an event takes place, the provision that is required to be placed in the defendants' store leases permits that plaintiffs to assume a store lease. Thus, the actual

assumption of the store lease occurs as an operation of the provisions of the lease agreement between the plaintiffs and the defendants and the provisions of the defendants' store leases. The only question requiring adjudication is whether the lease has been terminated or a default has occurred pursuant to Section 16. Such issues do not touch upon real property or require a case to be pursued in the same state or county as the leased stores.

A contractual provision may waive a party's right to remove a case filed pursuant to that contract if the waiver is "clear and unequivocal."  In this case, the parties signed three identical lease agreements that provided that any claim to enforce the rights and provisions of the agreements shall be "filed and adjudicated in the 24th Judicial District Court for the Parish of Jefferson."  The natural reading of the term adjudicated indicates that the parties agreed that the state court in Jefferson Parish would "rule upon" or "settle" their disputes.  This term is not vague or ambiguous, but plainly means that the parties contracted for their claims to be heard in the selected state court.  The procedural requirements of the federal removal statute reinforce the result that the subject clause is not susceptible to a plausible alternative definition that would permit suit in a different court.  Furthermore, there is no inconsistency between Section 19.3 of the lease agreements and the other sections of the agreements that permit the plaintiffs

to take over the store leases of the defendants.  The plaintiffs'
right to take over these leases flows from the contractual
agreements of the parties and only requires a determination of
whether there is termination or default of the lease agreement
between the plaintiffs and defendants.  Lastly, in signing each
lease agreement the defendants acknowledged that they had
conducted due diligence and had their attorneys make an
independent assessment of the benefits and risks of the agreement
and transaction.  See Section 19.6, Ex. 1, Rec. D. 6.  The
parties involved in these lease agreements are sophisticated
business people who negotiated and contracted for the language
contained in the agreements.  The Court finds that the defendants
did waive their right of removal and this case should be
remanded.

Finally, in regards to the plaintiffs' request for
attorney's fees and costs, the plaintiffs have argued that in
light of the plain language of Section 19.3 the defendants have
no legitimate explanation for removing this case.  28 U.S.C. §
1447(c) permits the district court discretion to award fees and
costs related to the removal as part of an order remanding the
case.  Although the timing of the defendants' notice of removal
is suspicious, fees and costs should not be awarded in this case.
Given that the clause at issue in these lease agreements did not
explicitly state that the state court had exclusive jurisdiction,

the defendants could at least plausibly take the position that there was no waiver of the right to remove.  As a result, an award of fees and costs is not warranted.  Accordingly,

**IT IS ORDERED** that the plaintiffs' **Motion to Remand (Rec. Doc. 6)** is hereby **GRANTED** in part and **DENIED** in part.  This matter shall be remanded to the state court, however the plaintiffs are not entitled to attorney's fees and costs.

**IT IS FURTHER ORDERED** that the defendants' **Motion to Dismiss or, in the alternative, Motion to Transfer Venue (Rec. Doc. 5)** is hereby **DENIED** as moot.

New Orleans, Louisiana, this 10th day of June, 2009.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE